MIELKE v MICHIGAN MILLERS MUTUAL INSURANCE
COMPANY

Docket No. 30914. Submitted October 6, 1977, at Grand Rapids.—
Decided April 18, 1978. Leave to appeal applied for.

Beverly Mielke, individually and as next friend of Jennifer
Mielke, Christine Crumley and Deborah Crumley, the survivors
of Theodore S. Mielke, who was fatally injured in an automobile accident, filed a complaint against his insurer, Michigan
Millers Mutual Insurance Company, seeking a declaratory
judgment that the governmental benefits set-off provision of
Michigan's no-fault insurance act is unconstitutional, and that,
therefore, the insurer should not be allowed to enforce its
policy provision allowing the reduction of the insurer's liability
for personal protection benefits due the plaintiffs by the
amount of Social Security survivor's benefits received by them.
The Berrien County Circuit Court, Chester J. Byrns, J., granted
plaintiff's motion for summary judgment on the ground that
the statutory provision was unconstitutional. Defendant appeals. *Held:*

The section of the no-fault insurance act requiring benefits,
which state or Federal law provide or require to be provided, to
be subtracted from any recovery under a no-fault automobile
policy but which does not require such subtraction where the
additional benefits are voluntarily contracted for by the insured
is unconstitutional because it discriminates against the class of
insureds entitled to benefits required by the state or Federal
law as well as no-fault recovery, by forcing them to purchase
insurance on which they cannot recover, so that other insureds
may enjoy lower premiums for insurance on which they can
recover.

Affirmed.

CONSTITUTIONAL LAW—EQUAL PROTECTION—INSURANCE—AUTOMO-
BILES—NO-FAULT—DUPLICATE BENEFITS—REQUIRED COVERAGE—
VOLUNTARY COVERAGE—STATUTES.
The section of the no-fault insurance act requiring benefits pro-

REFERENCES FOR POINTS IN HEADNOTE
New Topic Service, No-Fault Insurance §§ 1, 22.
16 Am Jur 2d, Constitutional Law §§ 488, 494–497.

vided under state or Federal law, or required to be provided, to be subtracted from any recovery under a no-fault automobile policy but which does not require such subtraction where the additional benefits are voluntarily contracted for by the insured is unconstitutional because it discriminates against the class of insureds entitled to benefits required by the state or Federal law as well as no-fault recovery by forcing them to purchase insurance on which they cannot recover so that other insureds may enjoy lower premiums (MCLA 500.3109; MSA 24.13109[1]).

*Keller, Keller, Creager, Kosick & Rochau,* for plaintiff.

*Butzbaugh, Page, Butzbaugh & Dewane,* for defendant.

Before: M. F. CAVANAGH, P. J., and BRONSON and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals as of right from an order granting plaintiff's summary judgment motion on the basis that the governmental benefits set-off provision of Michigan's no-fault insurance act, MCLA 500.3109(1); MSA 24.13109(1), is unconstitutional. Defendant, plaintiff's insurer, reduced payments due plaintiff by the amount of Social Security survivor's benefits received by plaintiff.

This case is controlled by *Pollock v Frankenmuth Mutual Insurance Co,* 79 Mich App 218; 261 NW2d 554 (1977). *Pollock* involved a set-off for workmen's compensation benefits. Its reasoning is equally applicable to a set-off for Social Security benefits.

We also note that *Richardson v Belcher,* 404 US 78; 92 S Ct 254; 30 L Ed 2d 231 (1971), is inapposite, as that case found a rational basis for a Federal set-off statute in the need to preserve state workmen's compensation programs, a consideration not applicable to the case at bar.

Affirmed. Costs to appellee.